UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **DARLEEN A. ZOOK,** | |
| **Plaintiff,** | |
| v. | Case No. 13-2019 |
| **CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,** | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

Plaintiff Darleen A. Zook, proceeding *pro se*, seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her applications for disability insurance benefits and supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#17)** be **GRANTED**, and that Defendant's decision to deny benefits be affirmed.

## I. Background

On February 24, 2010, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of June 30, 2004. These claims were denied initially and upon reconsideration. On February 14, 2012, Plaintiff, represented by counsel, appeared before an Administrative Law Judge (ALJ). Plaintiff and a vocational expert testified. On March 8, 2012, the ALJ issued an unfavorable decision. (R. 11-20.) The ALJ found that Plaintiff had severe impairments of "degenerative disc and joint disease, obesity, substance abuse with depression/bipolar and anxiety/PTSD." (R. 13.) The ALJ determined that Plaintiff's impairments did not meet or equal the listings and that Plaintiff retained the residual functional capacity to perform medium work, except that, due to her "affective disorder (depression/bipolar) and an anxiety disorder (PTSD/anxiety) and substance abuse; she has moderate limitations in (1) concentration, persistence and/or pace when attempting complex work during times of substance abuse and exacerbation of mental symptoms; therefore she is

limited to jobs that do not require complex job processes, jobs with little in the way of change in the job process from day-to-day; and (2) social functioning; therefore she is limited to jobs that do not require interaction with the public." (R. 16-17.) In making this determination, the ALJ discredited Plaintiff's allegations of disabling limitations due to lack of support in the record and inconsistencies between her testimony and the record. (R. 17-18.) The ALJ then relied on vocational expert testimony to conclude that, with this residual functional capacity, Plaintiff could perform her past relevant work or, alternatively, other jobs existing in the national economy. Therefore, the ALJ found Plaintiff not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final.

Plaintiff then filed a complaint with this Court. At Plaintiff's request, the Court attempted to recruit counsel for Plaintiff. The Court contacted Plaintiff's former counsel at the administrative level and a local legal aid organization that handles social security appeals. The former refused further representation of Plaintiff, and the latter determined that no viable grounds existed for an appeal. Therefore, the Court informed Plaintiff that she must proceed *pro se* and ordered her to file a motion explaining how the ALJ erred in denying her benefits. Plaintiff now raises the following challenges to the ALJ's decision:

> I Darleen Zook filed for Disability Oct 2010 that's when my Dr. told me to file, she said I was elegible. I had Depression Anxiety + Bypolar at that time along with other health problems with all the stress things got worse, as they do with Depression.
> Please give me what I deserve that Ive waited so long for the Back pay since 2010.

(#15, p. 1.)

Defendant argues that the ALJ adequately accommodated Plaintiff's impairments and supported the decision to deny benefits with substantial evidence.

## II. Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the

ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. Discussion

The Court finds that the ALJ followed the law and supported the decision to deny benefits with substantial evidence. The ALJ specifically considered Plaintiff's depression, anxiety, and bipolar disorder and accommodated the functional limitations caused by these impairments in the residual functional capacity assessment. The ALJ articulated adequate reasons for discrediting Plaintiff's allegations of disabling limitations. To the extent Plaintiff argues that the ALJ erred in denying benefits because Plaintiff's doctor believed she was eligible, the issue of whether Plaintiff is disabled is reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1). A doctor's belief that Plaintiff is disabled does not mean that the Social Security Administration must find that Plaintiff is disabled. *Id.*

### IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#17)** be **GRANTED**, and that Defendant's decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 25th day of June, 2014.

                                          s/DAVID G. BERNTHAL
                                      UNITED STATES MAGISTRATE JUDGE